**FILED**

DEC - 2 2019

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Giovanni Evans, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 19-3088 (UNA) |
| | ) | |
| Brenda Donald *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

This matter is before the Court on plaintiff's *pro se* "Complaint for a Civil Case Alleging Negligence" and application to proceed *in forma pauperis* (IFP). The Court will grant the IFP application and dismiss the complaint for lack of subject matter jurisdiction.

The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. "For jurisdiction to exist under 28 U.S.C. § 1332, there must be complete diversity between the parties, which is to say that the plaintiff may not be a citizen of the same state as any defendant." *Bush v. Butler*, 521 F. Supp. 2d 63, 71 (D.D.C. 2007) (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978)). A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action. *See* Fed. R. Civ. P. 12(h)(3).

1

Plaintiff invokes diversity as the basis of jurisdiction. Compl. Caption. It is a "well-established rule" that in order for an action to proceed in diversity, the citizenship requirement must be "assessed at the time the suit is filed." *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991). To that end, "the citizenship of every party to the action must be distinctly alleged [in the complaint] and cannot be established presumptively or by mere inference," *Meng v. Schwartz*, 305 F. Supp. 2d 49, 55 (D.D.C. 2004), and an "'allegation of residence alone is insufficient to establish the citizenship necessary for diversity jurisdiction,'" *Novak v. Capital Mgmt. & Dev. Corp.*, 452 F.3d 902, 906 (D.C. Cir. 2006) (quoting *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 792 n.20 (D.C. Cir. 1983)).

Plaintiff's citizenship is listed as the District of Columbia. Compl. at 3. Plaintiff has alleged neither the citizenship of each defendant nor an amount in controversy to bring the claim within the Court's diversity jurisdiction. If the defendants are citizens of the District of Columbia, as suggested by their addresses in the complaint, the citizenship requirement is simply defeated. And to the extent that plaintiff is suing the District of Columbia, *see* Compl. at 3, "the District of Columbia is not subject to diversity jurisdiction[.]" *Price v. United Med. Ctr.*, 408 Fed. App'x 375, 376 (D.C. Cir. 2010) (per curiam) (citing *Barwood, Inc. v. District of Columbia*, 202 F.3d 290, 292 (D.C. Cir. 2000); *Long v. District of Columbia*, 820 F.2d 409, 414 (D.C. Cir. 1987)). Accordingly, this case will be dismissed. A separate order accompanies this Memorandum Opinion.

United States District Judge

Date: November 27, 2019